UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MONROE JONES,

            Plaintiff,

    v.

JOHN FINNEGAN, et al.,

            Defendants.

Case No. 22-cv-05335-WHO (PR)

**ORDER STAYING ACTION**

## INTRODUCTION

Plaintiff Monroe Jones filed this 42 U.S.C. § 1983 civil rights action against persons involved in his arrest and prosecution by California state authorities.  Because criminal proceedings are ongoing and the results of such proceedings likely will affect the validity of Jones's claims, I will stay the suit until the criminal case or the likelihood of a criminal case is ended.

## BACKGROUND

According to the complaint, Jones is being held on pending charges, and criminal proceedings are ongoing.  (Request to File Extended Brief, Dkt. No. 2 at 3-4.)

## DISCUSSION

### A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune

1   from such relief.  *See id.* § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed.

2   *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

3       A "complaint must contain sufficient factual matter, accepted as true, to 'state a

4   claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

5   (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial

6   plausibility when the plaintiff pleads factual content that allows the court to draw the

7   reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting

8   *Twombly*, 550 U.S. at 556).  Furthermore, a court "is not required to accept legal

9   conclusions cast in the form of factual allegations if those conclusions cannot reasonably

10  be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55

11  (9th Cir. 1994).

12      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

13  elements:  (1) that a right secured by the Constitution or laws of the United States was

14  violated, and (2) that the alleged violation was committed by a person acting under the

15  color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

16

17      Jones brings suit against various persons involved in his arrest and prosecution,

18  including the district attorney, his defense attorney, and the arresting officers, on claims of

19  malicious prosecution, false arrest, etc.  His criminal proceedings are ongoing.

20      If a plaintiff files a claim related to rulings that likely will be made in a pending or

21  anticipated criminal trial, it is within the power of the district court, and accords with

22  common practice, to stay the civil action until the criminal case or the likelihood of a

23  criminal case is ended.  *Wallace v. Kate*, 549 U.S. 384, 393-94 (2007).  If the plaintiff is

24  then convicted, and if the stayed civil suit would impugn that conviction, *Heck v.*

25  *Humphrey*, 512 U.S. 477 (1994), requires dismissal; otherwise, the case may proceed.  *Id.*

26  at 394.

27      Because the result of the state criminal proceedings will likely affect the validity of

28  Jones's claims, the suit must be stayed.  Accordingly, this action is STAYED until I decide

*United States District Court*
*Northern District of California*

further action is appropriate or until Jones informs the Court, by way of a motion to reopen, that the criminal charges have been dismissed or have resulted in a conviction, or that the likelihood of a criminal case has ended. Any motion to reopen must have the words MOTION TO REOPEN written on the first page.

**CONCLUSION**

This federal civil rights suit is STAYED. The Clerk shall ADMINISTRATIVELY CLOSE the file pending the stay of this action.

**IT IS SO ORDERED.**

**Dated:** January 26, 2023



WILLIAM H. ORRICK
United States District Judge

United States District Court
Northern District of California